IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | | |
|---|---|---|
| STEPHEN WALKER, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | 2:19-CV-022-Z-BR |
| | § | |
| DIRECTOR, | § | |
| Texas Department of Criminal Justice, | § | |
| Correctional Institutions Division, | § | |
| | § | |
| Respondent. | § | |

## FINDINGS, CONCLUSIONS AND RECOMMENDATION
## TO DENY PETITION FOR A WRIT OF HABEAS CORPUS

Stephen Walker ("Petitioner") filed a *Petition for a Writ of Habeas Corpus by a Person in State Custody*, challenging the constitutional and statutory legality or validity of his state court sentence calculation. (ECF 3). The undersigned United States Magistrate Judge recommends Petitioner's application for federal habeas corpus relief be DENIED.

### I.    STATEMENT OF THE CASE

On May 1, 2018, Petitioner filed a prior habeas application in case number 2:18-CV-88-Z-BR. By that case, Petitioner brought the same challenges to the application of "time credits" before this Court. *See Walker v. Director*, No. 2:18-CV-88-Z-BR (N.D. Tex. May 1, 2018).

### II.    PETITIONER'S ALLEGATIONS

Petitioner contends he is being held in violation of the Constitution and laws of the United States for the following reasons:

> Petitioner asserts his substantive and procedural due process rights are violated by the State's failure to release him from custody (following his parole eligibility date) by the failure to properly apply good time, work time, and mandatory supervision credits. (ECF 3 at 3-4).

### III.   ANALYSIS – DUPLICATIVE CLAIM

The Court has the authority to dismiss Petitioner's claims as duplicative of claims presented in a prior § 2254 application. *Morris v. Stephens*, 599 Fed. Appx. 148, 149 (5th Cir. 2015) (citing 28 U.S.C. § 2244(b)(1) ("A claim presented in a second or successive habeas corpus application under section 2254 that was presented in a prior application shall be dismissed."); *Slack v. McDaniel*, 529 U.S. 473, 478 (2000) ("Federal courts ... retain broad powers to prevent duplicative or unnecessary litigation.")). Petitioner brought these same claims and same reasoning in a prior case. *See Walker v. Director*, No. 2:18-CV-88-Z-BR (N.D. Tex. May 1, 2018). Thus, these claims must be dismissed.

### IV.   RECOMMENDATION

For the above reasons, it is the RECOMMENDATION of the United States Magistrate Judge to the United States District Judge that the petition for a writ of habeas corpus filed by Petitioner Stephen Walker be DENIED.

### V.   INSTRUCTIONS FOR SERVICE

The United States District Clerk is directed to send a copy of these Findings, Conclusions and Recommendation to each party by the most efficient means available.

IT IS SO RECOMMENDED.

ENTERED April 29, 2021.

_____
LEE ANN RENO
UNITED STATES MAGISTRATE JUDGE

### * NOTICE OF RIGHT TO OBJECT *

Any party may object to these proposed findings, conclusions and recommendation. In the event parties wish to object, they are hereby NOTIFIED that the deadline for filing objections is fourteen (14) days from the date of filing as indicated by the "entered" date directly above the signature line. Service is complete upon mailing, Fed. R. Civ. P. 5(b)(2)(C), or transmission by electronic means, Fed. R. Civ. P. 5(b)(2)(E). **Any objections must be filed on or before the**

**fourteenth (14th) day after this recommendation is filed** as indicated by the "entered" date. *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b)(2); *see also* Fed. R. Civ. P. 6(d).

Any such objections shall be made in a written pleading entitled "Objections to the Findings, Conclusions and Recommendation." Objecting parties shall file the written objections with the United States District Clerk and serve a copy of such objections on all other parties. A party's failure to timely file written objections shall bar an aggrieved party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings, legal conclusions, and recommendation set forth by the Magistrate Judge and accepted by the district court. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1428–29 (5th Cir. 1996) (en banc), *superseded by statute on other grounds*, 28 U.S.C. § 636(b)(1), *as recognized in ACS Recovery Servs., Inc. v. Griffin*, 676 F.3d 512, 521 n.5 (5th Cir. 2012); *Rodriguez v. Bowen,* 857 F.2d 275, 276-77 (5th Cir. 1988).